UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN DAVID EVERETT,

    Plaintiff,

v.

PIERCE COUNTY, *et al.*,

    Defendants.

Case No. C07-5138FDB

ORDER DIRECTING PLAINTIFF TO SUBMIT AN AMENDED COMPLAINT OR SHOW CAUSE WHY MATTER SHOULD NOT BE SUMMARILY DISMISSED

The Court, having reviewed plaintiff's complaint and the balance of the record contained herein, does hereby find and ORDER.

(l) A complaint is frivolous when it has no arguable basis in law or fact Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)).

(2) Plaintiff's § 1983 complaint, seeking money damages, appears to call into question the validity of his conviction and/or sentence. In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 114 S.Ct. 2364, 2373 (1994). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 2374.

ORDER
Page - 1

1  Plaintiff claims he is being denied time served (twelve months and seven days), and he asks the
2 court to award him $37,200. These issues clearly affect the term of plaintiff's sentence and thus, Plaintiff
3 must first me successfully considered only in a petition for writ of habeas corpus.

4  Plaintiff's complaint is further deficient. In order to state a claim under 42 U.S.C. § 1983, a
5 complaint must allege facts showing how individually named defendants caused or personally participated
6 in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A
7 defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or
8 position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of
9 *respondeat superior* is not sufficient to state a § 1983 claim. Padway v. Palches, 665 F.2d 965 (9th Cir.
10 1982).

11  Here, plaintiff has not shown how the individual defendants (Gerald Horne and/or Thomas Howe)
12 personally participated in violating his constitutional or federal civil rights. Moreover, these individuals
13 appear to be the prosecuting attorneys involved in Plaintiff's criminal proceedings. Prosecutors are
14 entitled to absolute immunity from liability for damages under § 1983. Imbler v. Pachtman, 424 U.S. 409,
15 427 (1976). Prosecutorial immunity protects a prosecutor who "acts within his or her authority and in a
16 quasi-judicial capacity." Kalina v. Fletcher, 522 U.S. 118 (1997); Ashelman, 793 F.2d at 1076 (*citing*
17 Imbler, 424 U.S. at 430-31).

18  (3) Due to the deficiencies described above, the court will not serve the complaint. Plaintiff shall
19 file an amended complaint, curing, if possible, the above noted deficiencies, or show cause why this matter
20 should not be dismissed **by no later than May 23, 2007**. If an amended complaint is not timely filed or if
21 plaintiff fails to adequately address these issues, the Court will recommend dismissal of this action as frivo-
22 lous pursuant to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

23  (4) The Clerk is directed to send plaintiff a copy of this Order and the General Order
24  DATED this 30th day of April, 2007.

26  */s/ J. Kelley Arnold*
   J. Kelley Arnold
27  United States Magistrate Judge