UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN DAVID EVERETT,

    Plaintiff,

v.

PIERCE COUNTY, *et al.*,

    Defendants.

Case No. C07-5138FDB

REPORT AND RECOMMENDATION

Noted for June 22, 2007

This § 1983 Civil Rights matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. This matter comes before the court on plaintiff's failure to cure certain deficiencies in his complaint. For the reasons set forth below, the undersigned recommends that the Court dismiss this matter for failure to state a cognizable claim.

## DISCUSSION

A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (citing Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)).  A plaintiff must allege a deprivation of a federally protected right in order to set forth a prima facie case under 42 U.S.C. §1983. Baker v. McCollan, 443

REPORT AND RECOMMENDATION
Page - 1

1   U.S. 137, 140 (1979).  In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l)
2   the conduct complained of was committed by a person acting under color of state law and that (2) the
3   conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the
4   United States.  Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v.
5   Williams, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if
6   both of these elements are present.  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), cert.
7   denied, 478 U.S. 1020 (1986).

8   Plaintiff is a state prisoner, currently in custody at the Stafford Creek Corrections Center.  On
9   April 30, 2007, this court reviewed plaintiff's complaint and issued an order directing plaintiff to cure
10  certain deficiencies (Doc. 6).   Specifically, the court found and explained the following deficiencies: (i)
11  plaintiff's claims appeared to challenge the validity of his underlying conviction or sentence; (ii) plaintiff
12  failed to allege facts showing how any of the name defendants personally participated in the alleged
13  harmful acts or omissions to act; and (iii) plaintiff named the state prosecutors as a defendants in the
14  matter, entitled to prosecutorial immunity.

15  Plaintiff was instructed to file an amended complaint curing, if possible, the above-mentioned
16  defects **by not later than May 23, 2007**.    Plaintiff was warned that his failure to cure or to respond
17  appropriately could result in dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915.

18  On May 15, 2007, plaintiff filed his response to the court's order (Doc. 7).  After reviewing the
19  pleading,  the undersigned finds that plaintiff has failed to cure the above deficiencies and recommends the
20  Court dismiss this matter as frivolous.

21  Plaintiff focused his response on the Heck v. Humphrey issue, but even if he arguably had his
22  conviction or sentence invalidated, as required by that doctrine, Plaintiff has not addressed the issues of
23  personal participation or prosecutorial immunity.   The court previously explained to Mr. Everett, in order
24  to state a for damages claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct
25  complained of was committed by a person acting under color of state law and that (2) the conduct deprived
26  a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Parratt
27  v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327
28  (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements

REPORT AND RECOMMENDATION
Page - 2

are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

Here, the Complaint names the Pierce County Prosecuting Attorneys Office and two individual attorneys as defendants. Plaintiff does not explain how either of these two individuals personally participated in the alleged constitutional deprivation. Moreover, prosecutors are entitled to absolute immunity from liability for damages under § 1983. Imbler v. Pachtman, 424 U.S. 409, 427 (1976). Prosecutorial immunity protects a prosecutor who "acts within his or her authority and in a quasi-judicial capacity." Kalina v. Fletcher, 522 U.S. 118 (1997). If the prosecutor acts as an advocate 'in initiating a prosecution and in presenting the State's case,' absolute immunity is warranted." Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 678 (9th Cir. 1984) (quoting Imbler, 424 U.S. at 430-431).

## CONCLUSION

Because plaintiff fails to state a cognizable § 1983 constitutional claim, the Court should DISMISS this case as frivolous. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 22, 2007**, as noted in the caption.

DATED this 31st day of May, 2007.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3